# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 11-30895 |
| | Chapter 11 |
| MP-TECH AMERICA, LLC, | |
|     Debtor. | |
| _____ | |
| MP-TECH AMERICA, LLC, | |
|     Plaintiff, | |
| v. | Adv. Proc. 12-03095 |
| BEST RENTAL CORPORATION, | |
|     Defendant. | |

**MEMORANDUM OPINION**

Before the court is MP-Tech America, LLC's ("MP-Tech") complaint to avoid two preferential transfers, comprising the payment of twenty individual invoices, pursuant to 11 U.S.C. § 547(b). Best Rental Corporation ("Best") admits that MP-Tech has met its burden by establishing a prima facie case under § 547(b) but contends that the transfers are not avoidable because they were made in the ordinary course of business under § 547(c)(2)(A). Upon consideration of the facts and law as explained herein, judgment will be for the plaintiff with respect to the alleged preferential payment of one individual invoice.

Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this dispute involves one to recover an alleged preference, this is a core proceeding under 28 U.S.C. § 157(b)(2)(F) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Findings of Fact

Best is in the equipment rental business. Best began doing business with MP-Tech in 2009 leasing equipment like fork lifts, man lifts, booms and cleaning equipment. Ordinarily, MP-Tech leased equipment from Best for a one-month term. The parties' contract provided for payment of each invoice within thirty days of the invoice date. Except for the invoices comprising the two alleged preferential transfers at issue here, no evidence was presented to show MP-Tech's payment history throughout its business relationship with Best.[1] However, Garvin Mawrocki, Best's vice president, testified that MP-Tech, on average, paid Best eighty-five days after the date of the invoice. Mawrocki further testified that in its business, about one-third of Best's customers paid invoices eighty-five days from the invoice date.

MP-Tech filed a chapter 11 petition for relief in this court on April 8, 2011. Within the ninety days prior to bankruptcy, MP-Tech made the two payments to Best that are at issue here. The first payment made on February 4, 2011 was for $14,833.43 and covered invoices with dates ranging from October 9, 2010 through January 2, 2011. The following reflects the length of time from the invoice date to the date of payment for each invoice covered by the $14,833.43 payment:

| Invoice Date | Invoice Amount | Days from Invoice to Payment |
| --- | --- | --- |
| October 9, 2010 | $3,757.50 | 118 days |
| December 5, 2010 | 679.25 | 61 days |
|  | 639.00 |  |
|  | 679.25 |  |
| December 6, 2010 | 667.88 | 60 days |
| December 11, 2010 | 1,233.00 | 54 days |
|  | 421.20 |  |
| December 19, 2010 | 679.25 | 47 days |
| December 23, 2010 | 679.25 | 43 days |
|  | 1,491.00 |  |
| December 31, 2010 | 1,909.35 | 35 days |
| January 2, 2011 | 679.25 | 33 days |
|  | 679.25 |  |
|  | 639.00 |  |

---

[1]Evidence was presented concerning MP-Tech's payment of invoices generated post-petition during MP-Tech chapter 11 proceeding. That evidence, however, has little or no relevance with regard to whether the alleged preferential transfers were in the parties' ordinary course of business under § 547(c)(2)(A). Once in chapter 11, MP-Tech was only authorized to do business in accordance with the parties' contract. That it did so sheds no light on the issue of whether the prepetition payments were in conformity with the parties' regular course of business.

The second payment made by MP-Tech which is at issue here was made on March 18, 2011 in the amount of $5,171.58. The following summarizes the invoice covered by that payment and the length of time from the invoice date to payment.

| Invoice Date | Invoice Amount | Days from Invoice to Payment |
|---|---|---|
| January 6, 2011 | $667.88 | 71 days |
| January 8, 2011 | 1,233.00 | 69 days |
|  | 421.20 |  |
| January 16, 2011 | 679.25 | 61 days |
| January 20, 2011 | 1,491.00 | 57 days |
| January 23, 2011 | 679.25 | 54 days |

In the winter of 2010 and spring of 2011 MP-Tech was late with its payments to Best. During that period, Best attempted to repossess some of its equipment from MP-Tech. The evidence is not clear as to whether the repossession attempt occurred before or after MP-Tech's payments to Best on February 4, and March 18, 2011.

Conclusions of Law

11 U.S.C. § 547(b) authorizes a bankruptcy trustee or a debtor-in-possession[2] "'to avoid any transfer of an interest of the debtor in property' if five conditions are met." *In re Globe Mfg. Corp.*, 567 F. 3d 1291, 1296 (11th Cir. 2009.) A trustee or debtor must show that the transfer was 1) to the creditor, 2) on account of an antecedent debt, 3) made while the debtor was insolvent, 4) made within 90 days prior to the filing of a bankruptcy petition, and 5) effective in allowing the creditor to receive more than it would under a chapter 7 liquidation. *Id.* (citing 11 U.S.C. § 547(b)). The debtor or trustee has the burden of proving the avoidability of a transfer under § 547(b). 11 U.S.C. §547(g).

Best concedes that MP-Tech has satisfied § 547(b) and successfully establishes a prima facie case that the transfers were preferential. The burden now shifts to the creditor to prove the nonavoidability of such payments. 11 U.S.C. § 547(g). Unless Best can show, by a preponderance of evidence, that the payments are encompassed by one of the exceptions enumerated in § 547(c), MP-Tech will be entitled to avoid the transfers at issue here. *See In re JSL Chemical Corp.,* 424 B.R. 573, 578 (S.D. Fla. 2013). Best contends that the transfers are unavoidable because they were made in the ordinary course of business and thus fit within § 547(c)(2)(A). MP-Tech maintains that the payments were outside of the ordinary course because they were tendered late and in response to unusual collection activity.

---

[2] 11 U.S.C. § 1107(a) grants a debtor in possession "all the rights" of a trustee (subject to few exceptions that are not relevant here).

The purpose § 547(b) is "to discourage (by eliminating the fruits of) a race immediately before bankruptcy to get all of one's own debt repaid." *In the Matter of Milwaukee Cheese Wisconsin, Inc.,* 112 F.3d 845, 847 (7th Cir. 1997). The § 547(c) exceptions, however, pinpoint cases "where there is little risk that the pre-bankruptcy payments will give rise to this race and to the concomitant costly self-protection of other creditors." *Id*. at 848. Specifically, § 547(c)(2)(A) and the ordinary course defense, as the legislative history explains, encourages normal credit transactions and the continuation of short-term credit dealings with troubled debtors so as to forestall, rather than hasten bankruptcy. To the extent that the outcome does not detract from the overall policy of the preference section to discourage unusual action by the debtor or its creditors during the slide into bankruptcy, a debtor and creditor may continue to transact. S.Rep. No. 95–989, at 88, *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5874.

For Best to avail on an ordinary course defense, it must show that the transfers at issue were: (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) made according to ordinary business terms. 11 U.S.C. § 547(c)(2). The ordinary course inquiry is subjective "insofar as it requires courts to consider whether the transfer was ordinary in relation to the 'other business dealings between *that* creditor and *that* debtor.'" *Globe Mfg. Corp.,* 567 F.3d 1291, 1298 (11th Cir. 2009) (quoting *In re Fred Hawes Org., Inc.,* 957 F.2d 239, 244 (6th Cir. 1992)). The "ordinary business terms" requirement, on the other hand, is objective in nature, requiring proof that the payment is ordinary in light of the prevailing industry standard. *Id.*

Here, Best presented no evidence of industry custom outside of its own practices and so it cannot satisfy § 547(c)(2)(B).[3] To determine if a creditor qualifies for the § 547(c)(2)(A) exception, courts look to 1) the prior course of dealings between the parties; 2) the amount of the payments (a sudden payment in full of all debts in anticipation of bankruptcy is the epitome of a preference); 3) the timing of the payments; and 4) the circumstances surrounding the payments. *Jensen v. Raymond Bldg. Supply Corp. (In re Homes of Port Charlotte Florida, Inc.),* 109 B.R. 489, 491 (Bankr. M.D. Fla. 1990). This test first looks to the parties' pay history during the pre-preference period to uncover their ordinary course of business. Thereafter, the creditor will compare the transactions that occurred during the preference period with those made during the historical period to demonstrate that they were made on similar terms. *In re JSL Chemical Corp.,* 424 B.R. 573, 579 (Bankr. S.D. Fla. 2010); *see In re Moltech Power Sys., Inc.,* 327 B.R. 675, 680 (Bankr.N.D.Fla.2005); *In re Felt Mfg. Co.,* 2009 WL 3348300, at *6 (Bankr. D.N.H. Oct.16, 2009).

MP-Tech alleges that the payments were not made in the ordinary course because they were late. While there is a general presumption that late payments are outside the ordinary course of business, *Craig Oil,* 785 F.2d at 1567–68, a creditor can overcome that presumption

---

[3] Best offered testimony indicating that MP-Tech's pay record during the preference period was comparable to those of Best's other customers, however this tells the court nothing about the broader industry standard.

"by showing that it was in the ordinary course of the parties' business to pay late." *In re JSL Chemical* at 579; *In re Braniff,* 154 B.R. 773, 780–81 (Bankr. M.D. Fla. 1993); "If paying late was ordinary for the parties then such payments are not preferences." *Fred Hawes Org.,* 957 F.2d at 244. Typically, a creditor will provide the court with a compilation of all of its invoices from the pre-preference period. The creditor will highlight for the court either the average length of time between invoice and payment date or the range within which payments were typically made. *See, e.g., In re American Camshaft Specialties, Inc.* 444 B.R. 347 (E.D. Mich. 2011); *In re Universal Marketing, Inc.,* 481 B.R. 318 (E.D. Pa. 2012); *In re American Home Mortgage Holdings, Inc.,* 476 B.R. 124 (D. Del. 2012); *In re Archway Cookies, et al.,* 435 B.R. 234 (D. Del. 2010); *In re Elrod Holdings Corp., et al.,* 426 B.R. 106 (D. Del. 2010).

Here, Best offered no documentary evidence regarding the parties' pay history and no invoices from the historical period. The Court has before it the invoices from the preference period, but with nothing to compare them to. The only testimony regarding the parties' pay history was that of Garvin Mawrocki, Best's vice president. Mr. Mawrocki testified that, on average, MP-Tech paid invoices eighty-five days from the invoice date. This unsubstantiated and self-serving statement does not appear to comport with the scant evidence before the court. The average time between the invoice date and payment date during the preference period was fifty-six days. For Mr. Mawrocki's testimony to be accurate, MP-Tech would have been paying substantially later during the historical period than during the preference period when it was insolvent.

As unlikely as this seems, no evidence was presented to contradict Mr. Mawrocki's testimony. The Court has only his assertions regarding the historical period and all but one of the payments during the preference period were well within the eighty-five-day range. As part of the February 4, 2011 transfer, MP-Tech paid $3757.50 on an October 9, 2010 invoice. The payment came in 118 days after the invoice date. Therefore, the court finds that, based on its timing, the $3757.50 transfer was not made in the ordinary course of business.

MP-Tech similarly alleges that all the transfers at issue were outside of the ordinary course because they were made in response to unusual collection activity. "As with the aging of payments, courts normally conduct a comparative analysis, looking at collection efforts in both the preference and pre-preference periods." *In re JSL Chemical Corp.* at 581 (quoting *Felt Mfg.,* 2009 WL 3348300 at *8.) This is a case by case inquiry that, once again, focuses on the particular circumstances to determine whether the collection activities were in fact unusual as between the parties. *Id.*

Here, Mr. Mawrocki testified that Best routinely corresponded with its delinquent clients to inquire when payment would be made, even to demand remittance. Albeit no documentary evidence of emails or phone logs, Mr. Mawrocki testified that this was true both before and after the preference period and MP-Tech did not dispute his contention. On cross-examination, MP-

Tech elicited testimony from Mr. Mawrocki regarding an attempted repossession of Best's equipment. While a repossession attempt would likely be construed as unusual collection activity, neither party provided the court with the date of the incident. Therefore, it is unclear to the Court whether the repossession attempt occurred before or after February 4, 2011 or March 18, 2011 or whether it had any effect on MP-Tech's tendering of payment.

## Conclusion

For the foregoing reasons, a separate order will enter finding that the February 4, 2011 payment of $3757.50 was 118 days late, it was outside of these parties' ordinary course of business, and thus constitutes a recoverable preferential transfer. The Court finds that all other payments tendered during the preference period were made in the ordinary course of business.

Done this the 29th day of August, 2013.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Joseph J. Burton, Jr., Plaintiff's Attorney
Amy M. Hampton, Defendant's Attorney
Bankruptcy Administrator

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 11-30895
                                                    Chapter 11
MP-TECH AMERICA, LLC,

    Debtor.

_____

MP-TECH AMERICA, LLC,

    Plaintiff,

v.                                                  Adv. Proc. 12-03095

BEST RENTAL CORPORATION,

    Defendant.

## ORDER GRANTING PARTIAL JUDGMENT
## IN FAVOR OF PLAINTIFF

In accordance with the Memorandum Opinion entered this day, the Court finds that $3757.50 constitutes a recoverable preferential transfer and judgment shall be for the plaintiff in the amount of $3757.50.

Done this the 29th day of August, 2013.

                                                    /s/ Dwight H. Williams, Jr.
                                                  United States Bankruptcy Judge

c: Joseph J. Burton, Jr., Plaintiff's Attorney
   Amy M. Hampton, Defendant's Attorney
   Bankruptcy Administrator